UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LONNIE ROGERS,<br>Petitioner, | Civil Action No. 1:07-cv-456 |
| vs. | Spiegel, J.<br>Black, M.J. |
| ERNIE MOORE, WARDEN,<br>Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 6), and petitioner's traverse to the return of writ (Doc. 10).

I. PROCEDURAL HISTORY

Petitioner was indicted by the Hamilton County, Ohio Grand Jury on two counts of aggravated robbery as defined in Ohio Revised Code § 2911.01(A), each with firearm specifications; two counts of robbery as defined in Ohio Revised Code § 2911.02(A)(2), each with firearm specifications; three counts of kidnapping as defined in Ohio Revised Code § 2905.01(A)(2), each with firearm specifications; two counts of aggravated burglary as defined in Ohio Revised Code § 2911.11(A)(2), each with firearm specifications; and two counts of burglary as defined in Ohio Revised Code § 2911.12(A)(2), each with firearm specifications. (Doc. 6, Exh. 1).

On June 3, 2005, petitioner pled guilty to two counts of robbery, each with a firearm specification, and two counts of burglary, each with a firearm specification. The rest of the counts were dismissed. (Doc. 6, Exh. 2; Exh. 21, Tr. at 3-4). The trial court advised petitioner at the plea

proceeding that the state had recommended an eleven year sentence and that he should expect that the court would impose that sentence. (Doc. 6, Exh. 21, Tr. 3). The judge noted that if he imposed a sentence of less than eleven years, the State would have a right to appeal and if he imposed a sentence of more than eleven years, petitioner would be permitted to withdraw his guilty plea. (*Id.* at 3-4). On June 24, 2005, the trial court sentenced petitioner to concurrent three-year prison terms for each of the robbery and burglary offenses, to be served consecutively to two consecutive three-year terms for each firearm specification accompanying the robbery charges and two consecutive one-year terms for each firearm specification accompanying the burglary charges, for a total of eleven years. (Doc. 6, Exh. 3, Exh. 21, Tr. at 36-37).

On October 14, 2005, petitioner filed a *pro se* notice of appeal and motion for delayed appeal. (Doc. 6, Exh. 4). The First District Court of Appeals denied leave to file the delayed appeal on the ground that petitioner failed to provide sufficient reasons for his failure to perfect an appeal as of right. (Doc. 6, Exh. 6). Over one year later, petitioner moved for reconsideration of the decision, which was denied by the Ohio Court of Appeals on February 8, 2007. (Doc. 6, Exhs. 7, 30). Petitioner appealed to the Supreme Court of Ohio, which dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Exhs. 8-10).

Meanwhile, petitioner filed a petition for post-conviction relief in the trial court, raising a claim of ineffective assistance of trial counsel. (Doc. 6, Exh. 11). The trial court summarily dismissed the petition, and after further briefing by the State, issued an amended decision which included an explanation for the imposition of consecutive sentences for the firearm specifications and findings of fact and conclusions of law. (Doc. 6, Exhs. 12-14). Petitioner's appeal to the First District Court of Appeals was dismissed (Doc. 6, Exhs. 15-18), and petitioner did not appeal to the

2

Supreme Court of Ohio.

On November 2, 2006, petitioner filed a motion for new trial alleging his trial counsel was ineffective for failing to challenge his sentence. He also moved for a sentence reduction and modification pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 6, Exhs. 26, 27). The trial court denied both motions. (Doc. 6, Exhs. 28, 29).

On June 11, 2007, petitioner commenced the instant federal habeas corpus action. (Doc. 1). In the petition, petitioner asserts three grounds for relief:

> **GROUND ONE:** Petitioner's sentences are void as violating the 14th Amendment's due process provision as being ex post facto.
>
> Supporting Facts: At the time crimes occurred, Ohio Law mandate[d] that the petitioner be sentenced to the maximum minimum sentence per Ohio Revised Code § 2929.14(b). The Ohio Supreme Court's subsequent judicial enlargement of this violates the 14th Amendment of the U.S. Constitution as being ex post facto; see *State v. Foster* (2006) 109 Ohio St, 3d 1, 845 N.E. 2d 740.
>
> **GROUND TWO:** Denial of ineffective assistance of trial counsel.
>
> Supporting Facts: Counsel render constitutionally deficient performance where he fails to cite case of allied offenses. Which object the petitioner sentence being void as a matter of law, thereby failing to recognize, argue and brief a dead bang winner.
>
> **GROUND THREE:** Right to procedural due process denied where sentence for all allied offense.
>
> Supporting Facts: Allied offense protection, states trial court sentence petitioner for robbery and burglary where offense of a similar import; thereby depriving him of his absolute right to procedural due process

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of a state court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C.

3

§ 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light

4

of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.* Since the Ohio Court of Appeals summarily denied petitioner's motion for a delayed appeal, and the Supreme Court of Ohio declined jurisdiction to consider petitioner's appeal, there is no court decision to evaluate in light of 28 U.S.C. § 2254, and the Court therefore will conduct its own deferential review.

### III. GROUND ONE OF THE PETITION IS WITHOUT MERIT

In Ground One of the petition, petitioner contends his sentence is unconstitutional under the Ex Post Facto Clause. Petitioner asserts that the consecutive and non-minimum sentences imposed by the trial court were purportedly authorized by the Supreme Court of Ohio's decision in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).[1] (Doc. 10 at 6-7). *Foster* was decided on February 27, 2006. Petitioner appears to argue that the application of *Foster* in his case violates the Ex Post Facto Clause because the crimes for which he was convicted occurred in November 2004.

The United States Constitution forbids states from imposing ex post facto laws. U.S. CONST. art. I, § 10, cl. 1. "The purpose of the ex post facto prohibition is 'to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.'" *U.S. v. Reese,* 71 F.3d 582, 585 (6th Cir. 1995) (quoting *Weaver v. Graham,* 450 U.S.

---

[1] In *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), *cert. denied,* 127 S.Ct. 442 (2006), the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004). Certain provisions of Ohio's sentencing statute required additional judicial fact-finding before the imposition of consecutive sentences or a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant. The Court ruled these provisions unconstitutional under *Blakely* and severed the offending provisions. As a result, Ohio "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster,* 109 Ohio St.3d at 30, 845 N.E.2d at 498.

24, 28-29 (1981)). "An ex post facto law possesses two elements: (1) 'it must apply to events occurring before its enactment,' and (2) 'it must disadvantage the offender affected by it.'" *Dyer v. Bowlen*, 465 F.3d 280, 285 (6th Cir. 2006) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)).

In the instant case, petitioner's contention rests on the faulty assumption that he was sentenced under *State v. Foster*. Yet, petitioner was sentenced on June 24, 2005, well before *Foster* was decided and pursuant to Ohio law as it existed prior to *Foster*. Thus, *Foster* has no application to his case. Petitioner is without standing to challenge whether *Foster* might violate the Ex Post Facto Clause for other criminal defendants. Since *Foster* had no impermissible ex post facto effect on petitioner, his first ground for relief is without merit. *See Johnson v. Moore*, 2008 WL 696810, *2-4 (S.D. Ohio 2008) (Spiegel, J.).

## IV. GROUNDS TWO AND THREE OF THE PETITION ARE WITHOUT MERIT

Ground Two of the petition asserts that petitioner's trial counsel was ineffective for not objecting to his sentence on the ground that it imposed duplicative sentences for allied offenses of similar import, to wit, robbery and burglary. Ground Three of the petition asserts petitioner's sentence violates due process because he was sentenced for both robbery and burglary which are allied offenses of similar import.

"Ohio's allied offenses statute, R.C. 2941.25, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions." *State v. Moore*, 110 Ohio App.3d 649, 653, 675 N.E.2d 13, 16 (Ohio App. 1st Dist. 1996) (citing *State v. Fields*, 97 Ohio App.3d 337, 347, 646 N.E.2d 866, 873 (1994), in turn citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)). Ohio Revised Code § 2941.25(A) prohibits sentencing a person for allied offenses of similar import: "Where the same conduct by defendant

6

can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." The Ohio Supreme Court has held that this provision permits the trial court to convict and impose cumulative sentences for two or more offenses arising from the same incident if the offenses (1) are of dissimilar import; or (2) are of similar import, but were committed separately or with separate animus. *See State v. Rance,* 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 703 (1999).

Grounds Two and Three of the petition are without merit because petitioner's robbery convictions and burglary convictions are not allied offenses of similar import, but involve separate incidents on separate dates, as well as separate victims. One robbery conviction stemmed from a theft at the Days Inn on November 8, 2004 (Count 15) and the other robbery conviction involved a theft of the D&D Market on November 12, 2004 (Count 18). (Doc. 6, Exhs. 1, 2, and 14 at 2; Exh. 21 at Tr. 35-36). The burglary convictions stemmed from forcefully entering an apartment unit of two separate victims on November 12, 2004. (Counts 21, 23). *Id.* Since the robbery and burglary offenses occurred on separate dates and involved separate conduct and separate victims, "the crimes were committed separately and with a separate animus and cannot be considered allied offenses of similar import." *State v. Wayne,* 2003 WL 684584, *3 (Ohio App. 7th Dist. 2003) (citing *State v. Blankenship,* 38 Ohio St.3d 116, 526 N.E.2d 816 (1988)); *see also State v. Polk,* 2007 WL 2443883, *2 (Ohio App. 8th Dist. 2007); *State v. Smith,* 2005 WL 1220742, *10 (Ohio App. 10th Dist. 2005). Accordingly, it would not have been reasonable to expect petitioner's trial counsel to object to his sentence on this basis. *See Strickland v. Washington,* 466 U.S. 668 (1984). Accordingly, petitioner is not entitled to federal habeas corpus relief based on the claims alleged in Grounds Two and Three of the petition.

7

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/6/08

Timothy S. Black
United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LONNIE ROGERS,                                  Civil Action No. 1:07-cv-456
    Petitioner,

                                                   Spiegel, J.
vs.                                                 Black, M.J.

ERNIE MOORE, WARDEN,
    Respondent.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).